UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN N. LEWIS and SUSAN A. LEWIS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BANK OF NEW YORK MELLON )<br>TRUST COMPANY, N.A.; )<br>MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS, INC.; and )<br>WELLS FARGO BANK, N.A., )<br>)<br>Defendants. )<br>) | Civil Action No.<br>16-11122-FDS |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO TAKE DISCOVERY

**SAYLOR, J.**

This action arises out of a home mortgage foreclosure. Plaintiffs John Lewis and Susan Lewis have brought suit against defendants Bank of New York Mellon Trust Company, N.A. ("BNYM"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Wells Fargo Bank, N.A ("WFB") for alleged violations of law stemming from proceedings to foreclose on their home. The complaint asserts claims for declaratory and injunctive relief, conversion, and violation of Mass. Gen. Laws ch. 93A. Plaintiffs essentially seek a two-part declaration that BNYM is not the holder of the promissory note that plaintiffs granted to their original lender, Peoples Mortgage Corporation ("PMC"), and that MERS, the mortgagee, did not have authority to assign the mortgage to the purported note holder BNYM.

Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56.[1] In opposing defendants' motion, plaintiffs have moved for additional time to conduct discovery under Rule 56(d). For the reasons set forth below, defendants' motion for summary judgment will be granted and plaintiffs' motion for additional time to conduct discovery will be denied.

I. **Background**

The facts are presented in the light most favorable to plaintiffs, except where otherwise noted.

    A. **Factual Background**

On December 22, 2004, plaintiffs John and Susan Lewis purchased a home at 22 Cutler Road, in Needham, Massachusetts. (Compl. ¶ 5; Penno Aff. Ex. A Adjustable Rate Note at 1). To finance their purchase, plaintiffs executed a $1.2 million promissory note in favor of PMC, their lender. (Penno Aff. Ex. A at 1). The note was secured by a mortgage on the property. (Compl. Ex. 2, Mortgage on the 22 Cutler Road Property).

The mortgage designates plaintiffs as the borrowers, PMC as the lender, and MERS as the mortgagee. (*Id.* at 1). According to the mortgage, MERS "is a separate corporation that is acting solely as a nominee for lender and lender's successors and assigns." (*Id.*). Plaintiffs agreed to "mortgage, grant and convey to MERS (solely as nominee for lender and lender's successors and assigns) and to the successors and assigns of MERS, with power of sale the [Cutler Road property]." (*Id.* at 2). MERS promptly recorded the mortgage in the Norfolk County Registry of Deeds. (*Id.* at 11).

---

[1] In their opposition to defendants' motion for summary judgment, plaintiffs stated that under Fed. R. Civ. P. 56(f)(1), the Court is empowered to grant summary judgment in favor of a non-moving party. Plaintiffs then cursorily moved for summary judgment on their claim that defendants do not have statutory authority to foreclose. (Pl. Opp. 9). Plaintiffs filed the opposition containing that motion on December 16, 2016, nearly one month after the November 18 deadline for filing motions for summary judgment, and did not file it as a separate motion. In any event, given the Court's ruling on defendants' motion, the point is purely technical.

Prior to the execution of the note, PMC executed a limited power of attorney appointing Mortgage Network, Inc. "as its agent and attorney in fact for the . . . purpose of endorsing and assigning mortgage loan documents, including promissory notes and mortgage assignments" in transactions where the intent was to sell loans from PMC to Mortgage Network. (Penno Aff. Ex. A at 10). The power of attorney empowers certain Mortgage Network employees, including Chad Goodwin, to endorse or assign documents on behalf of PMC. (*Id.*).

Pursuant to the power of attorney, the note was specially endorsed from PMC to Mortgage Network without recourse and signed by Goodwin. (*Id.* at 4; Def. SMF ¶ 6). Subsequently, Goodwin endorsed the note in blank without recourse. (Penno Aff. Ex. A at 4; Def. SMF ¶ 7).[2] On January 25, 2005, BNYM took possession of the original note endorsed in blank, and has maintained possession of it since that time. (Penno Aff. ¶ 7-8).

In November 2008, PMC was voluntarily dissolved. (Compl. Ex. 3, PMC Articles of Voluntary Dissolution). In October 2014, plaintiffs stopped paying their mortgage. (Compl. ¶ 10). According to plaintiffs, they did so "upon a coincidental review of their title which revealed that PMC had been dissolved and that there was no record of any assignment of the mortgage in the Land Court or Norfolk Registry of Deeds or that the note had been sold, transferred or assigned to a subsequent holder." (*Id.*). At that time, MERS still owned the mortgage in trust for the successors and assigns of PMC.

Shortly after the default, in December 2014, MERS assigned the mortgage to BNYM. (Compl. Ex. 4, Corporate Assignment of Mortgage, at 1). The assignment, which was prepared by WFB, was signed by an assistant secretary of MERS, "as nominee for [PMC], its successors

---

[2] The Goodwin endorsements are not dated. (Penno Aff. Ex. A 4). However, defendants' statement of material facts states, and plaintiffs do not dispute through a submission responding to that statement of facts, that the special endorsement preceded the blank endorsement. (SMF ¶ 6-7).

3

and assigns." (*Id.* at 2). The assignment was recorded in January 2015. (*Id.*). At all times relevant to this action, WFB has been acting as the servicer for plaintiffs' loan on behalf of BNYM. (*Id.*; Compl. ¶ 21; Compl. Ex. 6, Oct. 27, 2015 Letter to Lewises from ASC; Docket No. 20, WFB Aff.).

In July 2015, BNYM initiated foreclosure proceedings by filing a Servicemembers Civil Relief Act case in the Massachusetts Land Court. (Compl. ¶ 14).

### B. Procedural Background

In May 2016, plaintiffs filed suit in the Massachusetts Land Court seeking to prevent BNYM from exercising the power of sale and conducting a foreclosure. The complaint asserts claims for (1) declaratory judgment, (2) injunctive relief, (3) conversion, and (4) violation of Mass. Gen. Laws ch. 93A. Defendants removed the case to this Court in June 2016. On August 31, 2016, the Court denied defendants' motion to dismiss on the basis that plaintiffs had stated a plausible claim that BNYM was not the holder of the note.

Defendants have now moved for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiffs oppose defendants' motion on the merits, or, in the alternative, move for an extension of time to take discovery in order to oppose the motion under Fed. R. Civ. P. 56(d).

## II. Motion for Summary Judgment

### A. Legal Standard

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a).  A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant would permit a rational fact finder to resolve the issue in favor of either party."  *Medina-Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir. 1990) (citation omitted).  In evaluating a summary judgment motion, the court indulges all reasonable inferences in favor of the nonmoving party.  *See O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir. 1993).  When "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) (quotations and footnotes omitted).  The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence."  *Id.* at 256-57.

### B. Analysis

Plaintiffs' claims depend upon the validity of two arguments.  First, plaintiffs contend that BNYM is not the holder of the promissory note.  Second, plaintiffs contend that the assignment of the mortgage from MERS to BNYM is void because MERS had no authority to assign it, acting solely as the nominee for PMC—a dissolved entity—and its successors and assigns.  Those are essentially the same arguments that plaintiff advanced during consideration of defendants' motion to dismiss.

#### 1. Identity of the Note Holder

The Court previously denied defendants' motion to dismiss plaintiff's claim that BNYM is not the note holder, and therefore has no legal power to foreclose on the property, based on the allegations in the complaint.  At this stage, however, based on the actual evidence in the record, there is no genuine issue of material fact that BNYM is in fact the note holder.

First, all of the evidence in the record supports a finding that BNYM holds the note through an unbroken chain of assignments. PMC originally issued the note in December 2004. Acting pursuant to a valid power of attorney, Goodwin endorsed the note from PMC to Mortgage Network, without recourse. Mortgage Network then endorsed the note in blank, without recourse. At that point the note, endorsed in blank, became payable to the bearer. *See Matt v. HSBC Bank USA, N.A.*, 783 F.3d 368, 369 (1st Cir. 2015). On January 25, 2005, BNYM took possession of the note. BNYM has maintained consistent possession of the note since that date, and is legally empowered to enforce it.

Second, plaintiffs have waived the argument that BNYM is not the note holder. Defendants submitted a statement of material facts in conjunction with this motion for summary judgment that shows the note passed through an unbroken chain of assignments from PMC to BNYM. Under Local Rule 56.1, plaintiffs were required to submit "a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried." Under that rule, any facts in defendants' statement of material facts that plaintiffs do not oppose by such a statement "will be deemed . . . admitted." Plaintiffs failed to submit such a statement. Therefore, the Court deems the facts set forth in defendants' statement of material facts admitted. Given the uncontroverted facts in defendants' statement concerning the assignment of the note to BNYM, there is no genuine issue as to whether BNYM is the note holder.[3]

Accordingly, the undisputed evidence demonstrates that BNYM is the holder of the note.

### 2. Assignment of the Mortgage

Plaintiffs further contend that because PMC was dissolved at the time MERS assigned the mortgage to BNYM, the assignment was necessarily void. The Court considered and ruled

---

[3] In addition, at oral argument on the motion, plaintiffs conceded that they have no reason to dispute that BNYM has held the note, endorsed in blank, since 2005.

on that argument in its opinion concerning defendants' motion to dismiss. *See Lewis v. Bank of N.Y. Mellon Trust Co., N.A.*, 2016 WL 4555969, at *3-5 (D. Mass. Aug. 31, 2016) ("PMC's dissolution in 2008 did not preclude MERS from assigning the mortgage to BNYM in 2014."). As detailed in that opinion, the assignment of the mortgage from MERS to BNYM in 2014 was valid. At the time of the assignment, MERS was the mortgagee for the property, acting as the nominee for the original lender and its successors and assigns (the subsequent note holders). Again, BNYM has been in possession of the note, signed in blank, since 2005. According to the undisputed evidence, MERS had authority to assign the mortgage to BNYM after plaintiffs defaulted.

BNYM has held both the mortgage and the note since the assignment of the mortgage in 2014. Accordingly, under Mass. Gen. Laws ch. 244, § 14, BNYM was a mortgagee authorized to commence foreclosure proceedings in July 2015. *See Eaton v. Fed. Nat. Mortg. Ass'n*, 462 Mass. 569, 583-84 (2012).

### III.  Motion for Additional Discovery

Plaintiffs oppose defendants' motion for summary judgment on the merits; however, in the alternative, they have moved for additional time to take discovery pursuant to Rule 56(d).[4] Under Fed. R. Civ. P. 56(d), if a party opposing a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." When a party seeks additional discovery pursuant to Rule 56(d), that party must provide the court with a

---

[4] Plaintiffs style this motion as one for discovery under Fed. R. Civ. P. 56(d) and 56(e). Although plaintiffs cite the language of Rule 56(e), they do not point to any fact or assertion that a party has failed to support. In substance, the motion seeks additional time for discovery, and is properly considered under the Rule 56(d) standard.

timely statement, by affidavit or otherwise that, "(i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion" *Hicks v. Johnson*, 755 F.3d 738, 743 (1st Cir. 2014) (quoting *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 40 (1st Cir. 2004)).  The movant must also provide an explanation establishing good cause for why the desired discovery was not conducted at an earlier date. *Id*. (citing *Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 142 F.3d 26, 44 (1st Cir. 1998)).

Plaintiffs have not provided a separate affidavit in support of their motion.  Instead, in their memorandum of law submitted in opposition to defendants' motion for summary judgment, plaintiffs state "by declaration" that there are four witnesses with relevant knowledge about the mortgage whose testimony "may be dispositive as to whether MERS is the mortgagee of PMC, its successors or assigns."  That vague and unsupported assertion fails to satisfy any of the requirements to demonstrate that additional time for discovery is necessary under *Hicks*.  Furthermore, and in any event, there is no reason to believe that discovery as to "whether MERS is the mortgagee of PMC" would be relevant to the outcome of this motion.  To the extent that plaintiffs intended to base their request for additional discovery on the question of whether MERS is the nominee of PMC and its successors and assigns, the mortgage is dispositive as to that question.  Under the mortgage, plaintiffs agreed to "hereby mortgage, grant and convey to MERS (solely as nominee for lender and lender's successors and assigns) and to the successors and assigns of MERS, with power of sale the [Cutler Road property]."  MERS was thus the mortgagee at the time the loan was made, and it is undisputed that MERS assigned that mortgage

to BNYM. Accordingly, plaintiffs' motion for additional time to conduct discovery pursuant to Rule 56(d) will be denied.

## IV. Conclusion

For the foregoing reasons, defendants' motion for summary judgment is GRANTED. Plaintiffs' motion for additional time to take discovery pursuant to Rule 56(d) is DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated:  January 12, 2017 | United States District Judge |